UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

Manuel Paneque Lahens,

      Plaintiff,

v.

Le Petit Papillon Montessori Corporation
and Damarys Corso,

      Defendant.
_____/

**COMPLAINT**

Plaintiff, Manuel Paneque Lahens, by and through his undersigned attorney, files this Complaint against Defendants, Le Petit Papillon Montessori Corporation and Damarys Corso, individually (collectively "Defendants"), and states as follows:

**PARTIES, VENUE, and JURISDICTION**

1. This is an action to recover unpaid minimum wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA") as well as regular wages under Florida contract law.

2. The court has jurisdiction based on 29 U. S.C. §216(b).

3. Plaintiff, Manuel Paneque Lahens, was an employee of Defendants.  He was paid by Defendants, performed work for Defendants, and the individual Defendant gave him regular instruction on how to perform his job as well as was in charge of how and if Plaintiff received his pay.

4. Defendant Le Petit Papillon Montessori Corporation is a private school operating in Miami

    Beach.  By way of operating this business, Corporate Defendant is engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. Defendant Damarys Corso has the title of President of the Corporate Defendant and runs the school's general operations.  She was responsible for paying (and not paying) Plaintiff and directly contacted Plaintiff regarding his work and pay.  She is considered an employer of Plaintiff under the FLSA.

6. Defendants have two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

7. Upon information and belief, Defendants exceeds the $500,000 annual gross revenue threshold needed to be a covered enterprise under the FLSA.

8. Additionally, as a school, Defendants are covered under the FLSA.

9. This Court has jurisdiction over Defendants because they engage in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

10. Venue is proper due to the unlawful employment practices alleged occurring in the county of Miami-Dade.

**FACTS**

11. Plaintiff was hired by Defendants in 2019 to teach music.

12. His schedule was to be for 13 hours per week: 9am to 4pm on Tuesdays and 10am to 4pm on Thursdays.  For this he would be paid $40 per hour.  This comes to approximately $520 per week.

13. Plaintiff came to work as scheduled between January 6 and March 10, 2022.

14. Despite working from January 6 to March 10, Defendants refused to pay him for this work. Despite working until March, his last paycheck was received on December 17, 2021.

15. Plaintiff asked to be paid his wages during this time on several occasions. Defendants went through an act of delaying, placating, and ignoring Plaintiff amid these requests, but still not paying him. He eventually was forced to stop working because he needed money and he was not being paid. He believed that the more he asked to be paid, the more Defendants enjoyed working him but not paying him.

16. The FLSA mandates that employees are to be paid a minimum wage for their work. The minimum wage in Florida beginning September 2021 is $10 per hour.

17. Should Defendants claim Plaintiff is not covered by the FLSA because he is an independent contractor. Whether an employee is considered an employee or independent contractor depends on the amount of control the employer has over the person in question. Presently, Defendants controlled the how, when, where, and for how much questions concerning Plaintiff and his job. He was regularly scheduled to work doing whatever it was Defendants asked.

18. Plaintiff had agreed to work for Defendants for $40 per hour and has performed work. In doing so, he has entered into a contract for employment with Corporate Defendant even if no written document memorializing this agreement exists..

19. By Plaintiff working and the Corporate Defendant failing to pay wages, Corporate Defendant has breached its contract with Plaintiff.

20. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in compliance with the FLSA and Florida contract law and is liable for monetary damages.

21. Records of the number of hours worked each week by Plaintiff are required to be in

    possession of Defendants.

22. In determining payment policies, specifically not paying minimum or owed wages to their employees, Defendants did not consult an attorney.

23. In determining payment policies, specifically not paying minimum or owed wages to employees, Defendants did not consult an accountant.

24. By intentionally failing to properly determine how minimum wage laws apply to Plaintiff, Defendants have shown reckless disregard for the FLSA.  Due to this, Defendants are liable for an additional equal amount of damages to Plaintiffs in the form of liquidated damages.

25. Plaintiff has hired the undersigned attorney and law firm to represent him in this matter and is obligated to pay attorney's fees.

## COUNT I
## VIOLATION OF 29 U.S.C. § 206 (FAILURE TO PAY MINIMUM WAGE)

26. Plaintiff repeats and reallege Paragraphs 1 through 25 as if fully set forth herein.

27. Under 29 U.S.C. §206, Defendants are required to pay a minimum wage to their employees.

28. During the time period of January 6 through May 10, 2022 Plaintiff was not compensated at the required minimum wage for the state of Florida.

29. During 2022, the minimum wage for the state of Florida was $10 per hour.

30. During this period, Plaintiffs worked approximately 13 hours per week and was not paid for this work.

31. This comes to an hourly rate of $0.00 for the week.  This is $10 below the minimum wage for each hour worked.

32. Plaintiff was paid below minimum wage.  The amount of $1170[1] is owed to Plaintiff plus

---

[1] Approximately 9 weeks at 13 hours per week at $10 per hour

an additional equal amount in liquidated damages and attorney's fees.

## COUNT II
## VIOLATION OF 29 U.S.C. § 215 (RETALIATION)

33. Plaintiff repeats and realleges Paragraphs 1 through 32 as if fully set forth herein.

34. At all times relevant, Defendants failed to pay Plaintiff his owed minimum wages.

35. Plaintiff complained about the failure to pay minimum wages every week he was not paid in January, February, and March 2022.

36. After Plaintiff complained about his owed minimum wages, Defendants told Plaintiff to continue working and that they would pay him soon.  After over 2 months of being told that he would be paid if he kept working, it was clear that Defendants would not pay him. The more he asked, it seemed the more likely he would not be paid. No longer able to work without being paid, Plaintiff was forced to resign on March 10, 2022.  This was effectively a retaliatory termination as Defendants made it clear that his complaints for wages only resulted in more lack of payment.  Plaintiff cannot be expected to continue to work for nothing.

37. Because section 15(a)(3) prohibits "any person" from retaliating against "any employee" all Defendants are liable for damages against employee.

38. Any employee who is "discharged or in any other manner discriminated against" because he has objected to the failure to pay overtime may file private cause of action seeking appropriate remedies including, but not limited to, employment, reinstatement, lost wages and an additional equal amount as liquidated damages.

39. At all relevant times, Plaintiff was an "employee" and Defendants were each an "employer" as those terms are defined by 29 U.S.C. § 203.

40. Defendants retaliated against Plaintiff in violation of the FLSA by continuing to not pay

minimum wages to Plaintiff and forcing his resignation.

## COUNT III
## BREACH OF CONTRACT – UNPAID WAGES
### (Corporate Defendant)

41. Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

42. Plaintiff agreed to work for Corporate Defendant for a wage of $40 per hour.

43. Corporate Defendant agreed to pay Plaintiff $40 per hour for his work as a music teacher.

44. By the parties agreeing to this wage and Plaintiff performing his work, parties entered into a binding employment contract.

45. Corporate Defendant had performed on this contract by paying Plaintiff for his work for approximately 3 years, up through December 17, 2021.

46. Corporate Defendant has breached this contract by failing to pay Plaintiff for nine weeks of work between January 6, 2022 and March 10, 2022.

47. Corporate Defendant has failed to pay approximately $4,680 to Plaintiff in wages.

48. Due to Corporate Defendant's breach of contract, Plaintiff has suffered damages.

49. In addition to these damages, Plaintiff is entitled to attorney's fees under Florida Statute 448.08.

WHEREFORE, Plaintiff, Manuel Paneque Lahens, respectfully requests that judgment be entered in his favor against Defendants as follows:

A. Declaring that Defendants violated the minimum wage provisions of 29 U.S.C. § 206;

B. Awarding Plaintiff minimum wage compensation;

C. Awarding Plaintiff all lost wages including front pay and back pay;

D. Awarding Plaintiff liquidated damages;

E. Awarding Plaintiff unpaid wages for breach of contract;

F.  Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and Florida Statute 448.08;

G.  Awarding Plaintiff post-judgment interest; and

H.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: April 6, 2022.

Respectfully submitted,

  /s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
E: rer@sorondorosenberg.com
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff