## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:22-cv-21038-JLK

MANUEL PANEQUE LAHENS,

     Plaintiff,

v.

LE PETIT PAPILLON MONTESSORI
CORPORATION and DAMARYS CORSO,

     Defendants.

_____/

### ORDER GRANTING
### DEFENDANTS' PARTIAL MOTION TO DISMISS

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Counts II and III of Plaintiff's Complaint (DE 13) (the "Motion"), filed May 26, 2022. The Court has carefully considered the Motion, Plaintiff's Response (DE 14) filed on June 9, 2022, Defendants' Reply (DE 15) filed on June 16, 2022, and is otherwise fully advised in the premises.

### I.     BACKGROUND

On April 6, 2022, Plaintiff Manuel Paneque Lahens filed his Complaint to recover unpaid wages against his former employer, Le Petit Papillon Montessori and its President, Damarys Corso. *See* Compl., DE 1. According to the Complaint, Plaintiff was hired as a music teacher by Defendants' school in 2019, where he worked until March 10, 2022, when he allegedly "was forced to stop working because he needed money and he was not being paid." *Id.* ¶¶ 11, 14, 15. Plaintiff alleges that he was not paid for work he performed from January 6, 2022 to March 10, 2022, although he complained to Defendants "every week he was not paid[.]" *Id.* ¶¶ 14, 15, 35. The

Complaint states that Plaintiff "believed the more he asked to be paid, the more Defendants enjoyed working him but not paying him." *Id.* ¶ 15.

The Complaint brings claims for: failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA") (Count I); retaliation under FLSA against Plaintiff (Count II); and breach of contract for unpaid wages (Count III). Defendants have moved to dismiss Counts II and III of the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). This opinion addresses that Motion to Dismiss.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

Defendants have moved to dismiss Counts II and III of Plaintiff's Complaint. After careful consideration, the Court grants Defendant's Motion without prejudice for the reasons stated herein.

### A. Plaintiff's Retaliation Claim (Count II)

Defendants argue that Count II should be dismissed because the Complaint fails to state a claim for retaliation as Plaintiff has not alleged an adverse employment action stemming from a protected activity nor a causal link between Plaintiff's complaints about unpaid wages and his resignation. Mot. at 3–6. First, the Defendants argue that no adverse employment action is alleged

because caselaw requires a "subsequent" act, but the Defendants' alleged failure to pay wages started prior to the Plaintiff's Complaint. Mot. at 5. Defendants also argue that the Plaintiff could have contacted the Department of Labor, Wage and Hour Division, rather than resigning, and therefore Plaintiff could not claim constructive discharge as an adverse action. Mot. at 5. Moreover, Defendants contend that should the Court find that Plaintiff sufficiently pleads a subsequent adverse action, Plaintiff's claim still fails because there is no causal connection between Plaintiff's complaint and the Defendants' alleged adverse employment action of failing to pay wages. Mot. at 5–6. Specifically, Defendants argue that to find a causal connection the adverse action must follow the protected conduct and that a mere continuation of the same conduct giving rise to Plaintiff's complaints is insufficient. *Id.*

In response, Plaintiff argues that each week Defendants failed to pay his wages amounts to an adverse employment action, so continuing to not pay amounts to "subsequent" adverse actions. Further, not getting paid for two months is sufficient to meet the standard for constructive discharge and survive motion to dismiss. Resp. at 2–3. Regarding causality, Plaintiff merely refutes the argument that treatment by Defendants did not differ after the complaints were made by stating that the "line of argument is incompatible with the Fair Labor Standards Act" because each week should be analyzed separate from the rest. Resp. at 3.

"The FLSA protects persons against retaliation for asserting their rights under the statute." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000) (citing 29 U.S.C. § 215(a)(3)). To make out a *prima facie* claim of retaliation under the FLSA, Plaintiff must show: (1) he engaged in a protected activity; (2) he subsequently suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse action. *Id.* at 1342–43.

An employee engages in protected activity when they have "filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3). The Supreme Court has held that oral complaints can constitute protected activity. *Kasten v. Saint–Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011) (holding that the phrase "filed any complaint" in the FLSA's anti-retaliation provision includes both oral and written complaints.). The allegations indicate that Plaintiff engaged in protected activity under the FLSA by complaining weekly to Defendants in January, February, and March 2022 for unpaid wages. Compl., ¶ 35; *See E.E.O.C. v. White and Son Enters.*, 881 F.2d 1006, 1011 (11th Cir.1989) (finding that employees' informal complaint to their supervisor about unequal wages constituted "an assertion of rights protected" under the FLSA).

Next, Plaintiff has sufficiently plead that he suffered an adverse employment action after he complained about unpaid wages and Defendants failed to pay. *See e.g. Traweek v. Glob. Sols. & Logistics LLC*, No. 2:14-CV-00308-LSC, 2015 WL 4545634, at *6 (N.D. Ala. July 28, 2015) (failing to pay wages can be considered an adverse employment action and could amount to constructive discharge.). Likewise, the allegations support a claim under a constructive discharge theory. *See Griffin v. GTE Fla., Inc.*, 182 F.3d 1279, 1283 (11th Cir. 1999) ("To prove a constructive discharge, a plaintiff must demonstrate that working conditions were so intolerable that a reasonable person in [that] position would have been compelled to resign.") (quotations omitted). Here, Plaintiff's allegations, taken as true, indicate that Plaintiff worked on Tuesdays and Thursdays from January 6 until March 10 without pay and complained to Defendants weekly about the failure to pay. Compl., ¶¶ 12, 30, 35.  After two months without pay, Plaintiff was essentially "forced to resign." Compl., ¶ 36. Whether the alleged conduct amounts to constructive

discharge is a question not addressed at this time. *See Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997). At this stage, Plaintiff has sufficiently plead this element.

Finally, however, in demonstrating causation Plaintiff's retaliation claim fails. To demonstrate a causal connection, the plaintiff must prove that the adverse action would not have been taken "but for" the assertion of FLSA rights. *See Reich v. Davis*, 50 F.3d 962, 965–66 (11th Cir. 1995). Causation is not demonstrated where the employer learns of the protected activity only after the adverse action. *Griffin v. GTE Fla., Inc.*, 182 F.3d 1279, 1284 (11th Cir. 1999); *see Baker v. Alabama Dep't of Pub. Safety*, 296 F. Supp. 2d 1299, 1307 (M.D. Ala. 2003) ("The Defendants' actions that occurred before the statutorily protected activities, as a matter of law and logic, cannot be retaliatory."). As alleged, Defendants could not be aware of Plaintiff's protected expressions when they took adverse action in withholding Plaintiff's pay to begin with, because Plaintiff had yet to complain. Thereafter, Plaintiff fails to plead sufficient facts indicating a connection between his weekly complaints and the continued withholding of pay, such as a worsening or intensification of Defendants' actions, or remarks by Defendants indicating that the failure to pay was retaliatory in nature. The Complaint lacks facts to suggest that Defendants indicated or implied to Plaintiff that he would not be paid. To the contrary, the Complaint states that Defendants told Plaintiff he would be paid if he kept working. Compl. ¶ 36. Plaintiff's conclusory allegation that "Defendants made it clear that his complaints for wages only resulted in more lack of payment," fails to tell the Court how so. *See* Compl. ¶ 36. Thus, Plaintiff has not plead a claim for retaliation and Count II will be dismissed for failure to state a claim with leave for Plaintiff to amend.

**B. Breach of Contract (Count III)**

    a. <u>Plaintiff sufficiently pleads a claim</u>

Defendants also move to dismiss Count III, which alleges breach of contract for unpaid wages under Florida law because Plaintiff fails to state facts to support such claim and Plaintiff's claim is preempted by the FLSA. Mot. at 7, 9. In arguing that Plaintiff's Complaint is deficient, Defendants cite *Lalic v. CG RYC, LLC,* No. 18-20118-Civ, 2018 U.S. Dist. LEXIS 137279 (S.D. Fla. Aug. 13, 2018), and contend that it is "informative and instructive" as the court ultimately dismissed a breach of oral contract claim because the plaintiff alleged no facts to show a meeting of the minds as to certain material terms. Mot. at 7–8. Here, as in *Lilac*, Plaintiff likewise only alleges an oral employment agreement. In response, Plaintiff argues that all the essential terms to the contract have been plead and are evident as the Parties have been performing under the contract since 2019. Resp. at 3–4. Plaintiff argues that Defendants breached the contract when they failed to pay for over two months. Resp. at 4. In reply, Defendants again point to the lack of specificity in Plaintiff's allegations and argue it to be fatal to Plaintiff's claim. Reply ¶ 5.

To state a claim for breach of contract under Florida law, Plaintiff must show (1) the existence of a contract; (2) a material breach of that contract; and (3) damages. *Lalic*, 2018 U.S. Dist. LEXIS 137279, at \*18. To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). Specifically, "for breach of an oral contract, a plaintiff is required to allege facts that, if taken as true, demonstrate that the parties mutually assented to 'a certain and definite proposition' and left no essential terms wide open." *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 299 (Fla. Dist. Ct. App. 1999).

The Court agrees with Defendants that *Lalic* is instructive, although not for Defendants' proposition that the allegations here are analogous and fail to establish a meeting of the minds on

all the essential terms of the contract. Mot., at 8–9. In *Lalic*, plaintiff's breach of contract claim alleged that the parties agreed that plaintiff would perform hospitality services for defendant in exchange for $5.50 per hour plus earned tips. *Lalic*, 2018 U.S. Dist. LEXIS 137279, at *18–19. In ruling on a motion to dismiss, the court stated, "[i]f Plaintiff stopped there, that would be sufficient to state a claim for the $5.50 plus tips that he allegedly did not receive." *Id.* at *19. However, in addition to the $5.50 wage plus tips, plaintiff incorporated a list of other damages including, but not limited to, improper recalculation of wages, broken or malfunctioning time clocks, and a "commission scheme[.]" Complaint at *Id.* The court ultimately dismissed the claim because the plaintiff alleged no facts to show a meeting of the minds as to any of the other damage items listed. *Id.* at *21–22.

Here, the only damages sought are wages earned, and Plaintiff's Complaint pleads the essential contract terms. Plaintiff's Complaint alleges that the Parties agreed for Plaintiff to work as a music teacher from 9am to 4pm on Tuesdays and 10am to 4pm on Thursdays for $40 per hour. Compl. ¶¶ 11–12. Additionally, Plaintiff has plead that this contract has been performed under since 2019. Compl. ¶ 45. As a result of Defendants alleged breach, Plaintiff seeks damages for hours he worked and was not paid the contracted rate. Following the court in *Lilac*, the Plaintiff has plead sufficient facts to state a claim.

2. Breach of Contract claim is preempted by FLSA claim

Defendants' argument is succinct—the allegations in Count III "do not separate them from Plaintiff's claim under the FLSA" as both "simply seek[] payment of wages owed." Mot. at 8. In response, Plaintiff argues that the breach of contract claim is a gap-filler because Plaintiff was supposed to be paid $40 per hour and the FLSA only allows for the recovery of minimum wage

rates. Resp. at 4–5. The Court agrees with Defendant and does not find sufficient facts to take Plaintiff's claim outside the purview of the FLSA.

"Section 216 of the FLSA is the exclusive remedy for enforcing rights created under the Act." *Bule v. Garda CL SE, Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (Moreno, J.). "[P]laintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to a FLSA claim." *Id.* Courts generally dismiss duplicative state law common law claims where they rely on proof of the same facts. *Melendez v. G4S Secure Sols. (USA) Inc.*, No. 20-24213-CIV-GRAHAM, 2020 U.S. Dist. LEXIS 234679, at *8 (S.D. Fla. Dec. 10, 2020) (dismissing as preempted a claim for unpaid wages because it arises from the same facts as the FLSA claims). A plain reading of Plaintiff's Complaint shows that both Counts I and III arise from the same set of facts. As plead, Plaintiff is seeking to recover unpaid wages in both counts, under different theories, arising from the same set of facts—Defendants' failure to pay Plaintiff for the work he performed. Plaintiff's argument that the breach of contract claim can recover distinct damages is not relevant. *See Bell v. 1220 Mgmt. Grp., LLC*, No. 17-CV-22479, 2018 WL 3054795, at *2 (S.D. Fla. June 20, 2018) (Gayles, J.) ("it is immaterial that Plaintiffs are seeking compensation under separate claims for separate damages against Defendants as the contested claims are still factually duplicative of the FLSA counts and based upon a violation of rights created by the FLSA."). As plead, Count III is not materially distinct from the FLSA claim and is thus, preempted.

## IV.    CONCLUSION

The Court has carefully considered the entire record and finds that Counts II and III of Plaintiff's action should be dismissed. Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendants' Motion to Dismiss **(DE 13)** be, and the same is, hereby **GRANTED**.

Counts II and III of Plaintiff's Complaint **(DE 1)** are hereby **DISMISSED**. The Defendants shall file an answer within twenty (20) days.

   **DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 15th day of September, 2022.

         JAMES LAWRENCE KING
         UNITED STATES DISTRICT JUDGE

cc: **All counsel of record**